Curia, per

Butler, J.
It does not appear from any of the proceedings in this case, whether the intestate left any estate at all, either real or personal, liable to be sold under execution, on a debt recovered against him in his lifetime. But if he had left any such estate, situate or being within reach of the process of the City Court, I can see no reason why it might not have been levied on; or if there was a necessity to make new parties for the purpose of reviving the judgment, it was proper that an administrator should have been appointed. Heirs, as such, do not represent the intestate, so as to be under an obligation to perform the functions of an administrator. An heir may have assets by descent, in contradistinction to assets in hand, that is, such as are in the hands of an administrator or executor. In such case, it should be made to appear that the deceased w;as under an obligation, and died seized of *308 lands in fee simple, which have desecended to his heirs ; Grimke’s Ex’rs. 227. There may be cases in which such assets may be made liable, in the possession of an heir, without administration. - But since the provisions of the Statute of 5 Geo. 2, C. 2, (2 Stat. 570,) have been adopted in this State, there can be little or no necessity to proceed against the heir. By that Statute “houses, lands, negroes and other hereditaments and real estates,” of persons indebted shall be liable for their debts, “and shall and may be assets for the satisfaction therof, in like manner as real estates are by the laws of England liable to the satisfaction of debts due by bond or other specialty, and shall be subject to like remedies &c. for seizing,” and disposing thereof for such debts, “in like manner as personal estates in any of the said plantations respectively are seized, sold or disposed of for the satisfaction of debts.” Under these provisions of the statute, as they have been expounded in the case of Martin et al. vs. Latta, 4 M’Cord 128, the lands of an intestate may be sold under an execution obtained against the administrator, without making the heirs parties to the proceedings, and notwithstanding there may be sufficient personal assets to satisfy the debts. All that is necessary, therefore, is to have an administrator appointed for the purpose reaching the estate of an intestate by a Ji. fa. That lias not been done in the case before the court — and it does not appear that the defendants are at all liable to pay the debt which is endeavored to be revived against them.
But there are other objections, equally fatal, to the plaintiff’s proceedings. As the City Court is a local and limited jurisdiction, its processes cannot operate beyond the limits assigned and prescribed by the Acts which have created that jurisdiction. As to strangers, such as the defendants are, the judgments of this court must be regarded somewhat in the nature of foreign judgments. They may authorise an action of debt to be brought on them, and an exemplification of the record would be held as sufficient evidence to establish it against proper parties. But a sci. fa. to revive a judgment, can only be issued against those who are within the jurisdiction of the court. Por as to others, a proceeding cannot be continued against them, *309 when they were never liable to original process — and such seems to have been the fact in the case before us.
It must not be assumed, because we have given no specific judgment on the point, that the plaintiff, as assignee, could maintain the action. We have thought it unnecessary to consider that question.
The Recorder having attained a correct result in his judgment, the motion to reverse it is refused;
The whole court concurred.